UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T ROY J ACKSON #450383,

        Plaintiff,                              Hon. Paul L. Maloney

v.                                              Case No. 1:19-CV-22

T ERRI S TEINBERG,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 32). Plaintiff initiated this action alleging that Defendant Steinberg violated his Eighth Amendment rights by failing to protect him from an assault from two fellow prisoners. (ECF No. 1). Defendant Steinberg now moves for summary judgment. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action terminated.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's

case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

Plaintiff's failure to protect claim implicates the Eighth Amendment, which requires Plaintiff to establish that Defendant Steinberg was deliberately indifferent to "a substantial risk" that he might suffer "serious harm." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). To establish that Defendant acted with deliberate indifference, Plaintiff must demonstrate that she was "subjectively aware of the risk," but failed "to take reasonable measures to abate it.'" *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 829, 847).

To prevail on the specific claim that Defendant Steinberg failed to protect him from an assault by another inmate, Plaintiff must establish: (1) Defendant had reason to believe Plaintiff would be assaulted by another inmate and (2) she had both the opportunity and means to prevent the assault. *See, e.g., Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013). Furthermore, that a prison official may have acted negligently is insufficient to establish a violation of the Eighth Amendment. *See, e.g., Farmer*, 511 U.S. at 835 (to prevail on an Eighth Amendment claim, the plaintiff must establish that the defendant acted with a "state of mind more blameworthy than negligence").

Interpreted in a light most favorable to Plaintiff, the evidence before the Court reveals the following. On the afternoon of June 19, 2018, Plaintiff was in his cell with his cellmate Eric Ide. (ECF No. 1, PageID.2; ECF No. 40-1, PageID.237). At some point between 2:30 p.m. and 3:30 p.m., Defendant Steinberg observed inmate Marcus Martin standing in front of the door to Plaintiff's cell "holding the door flap open." (ECF No. 1, PageID.2; ECF No. 32-4, PageID.181; ECF No. 40-1, PageID.237). Holding open

3

a cell door flap was "the common practice" for a prisoner to notify prison officials that he sought entrance into a cell. (ECF No. 32-4, PageID.181). Accordingly, Steinberg remotely opened the door to Plaintiff's cell. (*Id.*).

Martin and another prisoner, Cornell Meeks, entered the cell after which Defendant closed the door to Plaintiff's cell. (ECF No. 1, PageID.2-3; ECF No. 40-1, PageID.237, 239). Martin and Meeks then began assaulting Plaintiff. (ECF No. 1, PageID.2-3; ECF No. 40-1, PageID.237). A Unit Porter, Allen Champion, witnessed Martin and Meeks enter Plaintiff's cell and surmised that Plaintiff "was in harms way." (ECF No. 40-1, PageID.239). Champion "instantly" approached Defendant Steinberg and instructed her to open the door to Plaintiff's cell because there was a "chance" that Plaintiff was being assaulted. (ECF No. 40-1, PageID.239). Steinberg refused Champion's command. (*Id.*).

Plaintiff escaped from Martin and Meeks and activated a "call button" signaling that he wanted Defendant Steinberg to open the door to his cell. (ECF No. 1, PageID.3; ECF No. 40-1, PageID.237). While the button Plaintiff activated is referred to as an "emergency button," the common practice throughout the Unit was for prisoners to activate this button for various non-emergencies such as a desire to shower or receive medication. (ECF No. 1, PageID.3; ECF No. 32-2, PageID.173-74, 181). Defendant Steinberg opened the door to Plaintiff's cell, at which point Plaintiff "poured out of his cell room and landed into the hallway." (ECF No. 1, PageID.3-4; ECF No. 32-4,

4

PageID.181).[1]  Martin and Meeks "tried pulling Plaintiff back into the cell room," but were "unable to succeed."  (ECF No. 1, PageID.4).  Martin and Meeks instead "ran down to the end of the hallway" where they were apprehended.  (*Id.*).

While the assault Plaintiff endured is regrettable and may even have resulted from negligent conduct, Plaintiff cannot establish that Defendant Steinberg acted with the deliberate indifference necessary to implicate the Eighth Amendment.  Plaintiff has presented no evidence that Defendant Steinberg knew or had any reason to believe that Martin or Meeks had previously threatened Plaintiff or otherwise represented a threat or risk to Plaintiff's safety.  In fact, Plaintiff concedes that he has no idea why Martin and Meeks assaulted him, and that such was not preceded by any threats or negative encounter.  (ECF No. 32-3, PageID.172).

The Court is likewise not persuaded that the affidavit submitted by Allen Champion alters the analysis.  Plaintiff argues that even if Defendant Steinberg initially lacked knowledge of the danger presented by Martin and Meeks, her interaction with Champion was sufficient to put her on notice as to the threat the pair posed.  Plaintiff further argues that Steinberg's failure to decisively respond to Champion's instruction to open the door to his cell reflects deliberate indifference.  As Champion makes clear in his affidavit, however, he did not witness Plaintiff being assaulted.  (ECF

---

[1] Steinberg asserts in her affidavit that she reviewed video evidence of the incident which revealed that "the amount of time between when the cell door was closed until it was opened again was approximately 25 seconds."  (ECF No. 32-4, PageID.181).  Other than rank speculation, Plaintiff offers no evidence as to the length of time Martin and Meeks were in his cell.

5

No. 40-2, PageID.239-40). Likewise, Champion did not discern or possess any information that – assuming such were communicated to Defendant – would reasonably have caused her to fear for Plaintiff's safety or well-being. (*Id.*). Simply put, Champion simply assumed, without evidence, that Martin and Meeks represented a threat to Plaintiff. While, in hindsight, it may have been prudent for Defendant to have placed greater weight on Champion's concern, the Court is aware of no authority that compels prison officials to comply with the unsubstantiated commands of prisoners.

In sum, because Plaintiff cannot establish that Defendant Steinberg knew or had reason to know that prisoners Martin or Meeks presented a threat to Plaintiff's safety, Plaintiff's claim fails. Plaintiff has demonstrated, at most, that Defendant acted negligently. While allegations of negligence may support a state law tort claim, such simply fails to implicate the Eighth Amendment. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 32), be granted and this action terminated. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                          Respectfully submitted,

Date: March 9, 2020                /s/ Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge